```
                                   UNITED STATES DISTRICT COURT

                                  CENTRAL DISTRICT OF CALIFORNIA

MARLEEN DAVILA,                        )    NO. EDCV 05-1177-CT
                                       )
            Plaintiff,                 )    OPINION AND ORDER
                                       )
       v.                              )
                                       )
JO ANNE B. BARNHART,                   )
COMMISSIONER, SOCIAL SECURITY          )
ADMINISTRATION,                        )
                                       )
            Defendant.                 )
                                       )
_____)
```

For the reasons set forth below, it is ordered that judgment be entered in favor of defendant Commissioner of Social Security ("the Commissioner") because the Commissioner's decision is supported by substantial evidence and is free from material legal error.

## SUMMARY OF PROCEEDINGS

On January 4, 2006, plaintiff, Marleen Davila ("plaintiff"), filed a complaint seeking judicial review of the denial of benefits by the Commissioner pursuant to the Social Security Act ("the Act"). On January 19, 2006, the parties filed a consent to proceed before the magistrate judge. On April 18, 2006, plaintiff filed a brief with points and authorities in support of remand or reversal. On May 18,

2006, the Commissioner filed a brief with points and authorities in opposition to plaintiff's brief in support of remand or reversal.

SUMMARY OF ADMINISTRATIVE RECORD

1. Proceedings

On February 11, 2003, after filing a prior application which was denied and not appealed, plaintiff filed an application for Supplemental Security Income ("SSI") alleging disability since January 4, 2002 due to a broken collar bone, hepatitis C, liver damage, arthritis, seizures, lower back problems, and schizophrenia. (TR 66-68, 70-71, 75, 383).[1] The application was denied initially and upon reconsideration. (TR 41-44, 47-50).

On April 27, 2004, plaintiff filed a request for a hearing before an administrative law judge ("ALJ"). (TR 51). On March 8, 2005, plaintiff, appeared pro se and testified before an ALJ. (TR 373-90). On August 22, 2005, the ALJ issued a decision that plaintiff was not disabled, as defined by the Act because she could perform sedentary work. Thus, plaintiff was not eligible for benefits. (TR 17-23). On October 7, 2005, plaintiff filed a request with the Social Security Appeals Council to review the ALJ's decision. (TR 11). On November 22, 2005, the request was denied. (TR 6-9). Accordingly, the ALJ's decision stands as the final decision of the Commissioner. Plaintiff subsequently sought judicial review in this court.

2. Summary Of The Evidence

---

[1] "TR" refers to the transcript of the record of administrative proceedings in this case and will be followed by the relevant page number(s) of the transcript.

2

The ALJ's decision is attached as an exhibit to this opinion and order and materially summarizes the evidence in the case.

## PLAINTIFF'S CONTENTIONS

Plaintiff contends as follows:

1. The Appeals Council failed to properly consider the opinion of the treating psychiatrist;
2. The Commissioner erred by concluding plaintiff did not have a severe mental impairment;
3. The ALJ failed to consider lay witness testimony; and,
4. The ALJ should have called a vocational expert.

## STANDARD OF REVIEW

Under 42 U.S.C. §405(g), this court reviews the Commissioner's decision to determine if: (1) the Commissioner's findings are supported by substantial evidence; and, (2) the Commissioner used proper legal standards. Macri v. Chater, 93 F.3d 540, 543 (9th Cir. 1996). Substantial evidence means "more than a mere scintilla," Richardson v. Perales, 402 U.S. 389, 401 (1971), but less than a preponderance. Sandgathe v. Chater, 108 F.3d 978, 980 (9th Cir. 1997).

When the evidence can reasonably support either affirming or reversing the Commissioner's conclusion, however, the Court may not substitute its judgment for that of the Commissioner. Flaten v. Secretary of Health and Human Services, 44 F.3d 1453, 1457 (9th Cir. 1995). The court has the authority to affirm, modify, or reverse the Commissioner's decision "with or without remanding the cause for rehearing." 42 U.S.C. §405(g).

## DISCUSSION

### 1. The Sequential Evaluation

A person is "disabled" for the purpose of receiving social security benefits if he or she is unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §423(d)(1)(A).

The Commissioner has established a five-step sequential evaluation for determining whether a person is disabled. First, it is determined whether the person is engaged in "substantial gainful activity." If so, benefits are denied.

Second, if the person is not so engaged, it is determined whether the person has a medically severe impairment or combination of impairments. If the person does not have a severe impairment or combination of impairments, benefits are denied.

Third, if the person has a severe impairment, it is determined whether the impairment meets or equals one of a number of "listed impairments." If the impairment meets or equals a "listed impairment," the person is conclusively presumed to be disabled.

Fourth, if the impairment does not meet or equal a "listed impairment," it is determined whether the impairment prevents the person from performing past relevant work. If the person can perform past relevant work, benefits are denied.

Fifth, if the person cannot perform past relevant work, the burden shifts to the Commissioner to show that the person is able to perform other kinds of work. The person is entitled to benefits only if the

4

person is unable to perform other work. 20 C.F.R. § 416.920; Bowen v. Yuckert, 482 U.S. 137, 140-42 (1987).

2.  Issues

    A.  Mental Impairment (Issues 1 & 2)

First, plaintiff contends that the Appeals Council failed to provide legally sufficient reasons for rejecting the opinion of Dr. Romeo Villar, a treating psychiatrist, who opined in a 2 page evaluation dated April 28, 2004 that plaintiff had: a poor memory; major depression with psychosis; and, a Global Assessment of Functioning("GAF") score of 49, indicating a serious impairment. (TR 363-64).

A treating physician's opinion generally is entitled to great weight. See Andrews v. Shalala, 53 F.3d 1035, 1041 (9th Cir. 1995) (citation omitted). "The treating physician's opinion is not, however, necessarily conclusive as to either a physical condition or the ultimate issue of disability." Andrews v. Shalala, 53 F.3d at 1041 (citation omitted). The weight given a treating physician's opinion depends on whether it is supported by sufficient medical data and is consistent with other evidence in the record. See 20 C.F.R. §416.927.

The record in this case reveals that following the March 8, 2005 hearing before the ALJ and the ALJ's adverse decision, plaintiff submitted the records of Dr. Villar to the Appeals Council. These records consist of an evaluation on April 28, 2004 and brief notes on May 18, 2004, August 17, 2004, October 12, 2004 and December 7, 2004. While these de minimus treatment notes (TR 358-61) do contain references to decreasing hallucinations with depression they, and Dr. Villar's diagnosis, appear to be entirely based on plaintiff's self-reporting because there is no indicia that Dr. Villar, who also noted "PCP" in his

notes[2] (TR 359), administered any testing.

Three other examining psychiatrists or psychologists observed that plaintiff gave answers that: "appeared to be feigned for purposes of the interview" (TR 334); "did not give credible effort on testing" (TR 280); "were consistent with faking bad cognitive impairment" (TR 280); and, contained some clinical evidence "of an exaggeration of ... mental disability." (TR 353). Against the backdrop of the evidence of record in this case, the Appeals Council's rejection of Dr. Villar's opinion is free from material legal error. See <u>Baston v. Commissioner of the Social Security Administration</u>, 359 F.3d 1190, 1195 (9th Cir. 2004).

Second, plaintiff argues that the ALJ erred in not finding plaintiff had a severe mental impairment. An impairment is non-severe when medical evidence establishes only a "slight abnormality" with a "minimal effect" on the ability to work. <u>Bowen v. Yuckert</u>, 482 U.S. at 154 n.12; Social Security Ruling No. 96-3(p)(1996).

While the ALJ did not specifically find plaintiff has a severe mental impairment he limited her to unskilled sedentary work "which requires little or no judgment in order to perform simple duties which

---

[2] The Act provides that "[a]n individual shall not be considered to be disabled for purposes of this title if alcoholism or drug abuse would (but for this paragraph) be a contributing factor material to the Commissioner's determination that the individual is disabled." 42 U.S.C. § 423(d)(2)(C). See H.R.Rep. No. 104-379, at 17 (1995) (explaining that the elimination of benefits for alcoholics and drug addicts eliminates "a perverse incentive that affronts working taxpayers and fails to serve the interests of addicts and alcoholics, many of whom use their disability checks to purchase drugs and alcohol, thereby maintaining their addictions"); see also <u>Ball v. Massanari</u>, 254 F.3d 817, 824 (9th Cir. 2001) (stating that "[t]he government seeks through the legislation [Public Law 104-121] to discourage alcohol and drug abuse, or at least not to encourage it with a permanent government subsidy").

can be learned on the job in a short period of time." (TR 21). The ALJ's adverse credibility conclusion (TR 21) is unchallenged in this court. Even assuming that plaintiff's mental impairment is severe, as that term is denied by the Act, in order for the plaintiff to recover benefits, the evidence must establish a functional loss establishing an inability to engage in substantial gainful activity. <u>Barker v. Secretary of Health and Human Services</u>, 882 F.2d 1474, 1477-78 (9th Cir. 1989). Substantial evidence supports the ALJ's finding that plaintiff's mental impairment would not prohibit simple, unskilled sedentary work.

B.   <u>Testimony of Plaintiff's Friend</u>

Plaintiff also asserts that the ALJ erred by failing to properly consider the "testimony" of plaintiff's friend. Plaintiff argues that the answers to questions on a daily activities questionnaire (TR 117-22) submitted either by a Mr. Cuper or a Mr. Johnson (plaintiff's brief at 6 refers to both names) which indicate grooming, memory and concentration problems support Dr. Villar's opinion of functional status.

"[D]escriptions by friends and family members in a position to observe [plaintiff's] symptoms and daily activities have routinely been treated as competent evidence." <u>Sprague v. Bowen</u>, 812 F.2d 1226, 1232 (9th Cir. 1987); <u>see also</u> <u>Crane v. Shalala</u>, 76 F.3d 251, 254 (1996). The ALJ may not discount witness reports solely because they were procured by plaintiff. <u>Crane v. Shalala</u>, 76 F.3d at 254 (citation omitted). Rather, if the ALJ wishes to discount the testimony of a lay witness, she must give reasons that are germane to that witness. <u>Id</u>.

Here, neither a Mr. Cuper nor a Mr. Johnson testified. Instead,

someone filled out an unsworn questionnaire. As plaintiff concedes, the foregoing authorities refer to testimony, rather that unsworn statements of lay witnesses. Cf. Schneider v. Commissioner, 223 F.3d 968, 974-75 (9th Cir. 2000)(ALJ should have considered letters submitted by plaintiff's friends and ex-employers in evaluating severity of plaintiff's functional limitations).

In any event, the ALJ considered all the evidence in the record (TR 22), which includes this statement.  Moreover, the report to which plaintiff refers is signed by "Marleen Davila" not by either Mr. Cuper or Mr. Johnson. (TR 117-122).

Given the foregoing, the ALJ's consideration of the questionnaire at issue, is free from material legal error and supported by substantial evidence.

            C.    Reliance on the Medical-Vocational Guidelines

Plaintiff argues that the ALJ should have called a Vocational Expert ("VE") since her non-exertional limitations of pain and mental limitations render inapplicable the ALJ's reliance on the Commissioner's Medical-Vocational Guidelines to determine plaintiff can work.

As plaintiff appropriately concedes, reliance on these guidelines is justified where the factors considered accurately represent her limitations. Tackett v. Apfel, 180 F. 3d 1094, 1101 (9th Cir. 1999). And, as plaintiff correctly argues, such reliance is not warranted where a plaintiff's non-exertional limitations significantly limit the range of work permitted by her exertional limitations.  Desrosiers v. Secretary of Health and Human Services, 846 F. 2d 573, 577 (9th Cir. 1988).

Here, as stated above, the ALJ's adverse credibility conclusion (TR

21) is not challenged.  The ALJ also found "no diagnosis of schizophrenia in the record despite several psychiatric/psychological evaluations by specialists in that area."  Id.  While the ALJ found that plaintiff's arthritis was severe, as that term is defined by the Act, he did not find that it was sufficiently severe as to significantly limit the range of work permitted by her exertional limitations, which, in this case, is sedentary work.

The ALJ did not materially err by not calling a VE in this case.

## CONCLUSION

Plaintiff clearly has severe impairments.  A plaintiff who can still perform work in the national economy, even with a severe impairment, is not disabled as that term is defined by the Act.  See generally Baxter v. Sullivan, 923 F.2d 1391, 1395 (9th Cir. 1991).  Furthermore, if the evidence can reasonably support either affirming or reversing the Commissioner's conclusion, the court may not substitute its judgment for that of the Commissioner.  Flaten v. Secretary of Health and Human Services, 44 F.3d at 1457.

After careful consideration of the record as a whole, the magistrate judge concludes that the Commissioner's decision is supported by substantial evidence and is free from material legal error.  Accordingly, it is ordered that judgment be entered in favor of the Commissioner.

DATED: June 6, 2006

                                        /S/   CAROLYN TURCHIN
                                      CAROLYN TURCHIN
                                      UNITED STATES MAGISTRATE JUDGE